UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: HERO BUILD SOLUTIONS, LLC<br><br>Debtor. | Case No. 23-53036-jwc |

## CREDITOR MORGAN HOWARTH'S MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2004

Creditor MORGAN HOWARTH ("Movant"), by and through his counsel, hereby moves for this Court to issue an Order for Debtor HERO BUILD SOLUTIONS, LLC ("Debtor") to produce documents as set forth in this motion and appear for an examination on October 27, 2023 on 11:30 AM at the office of counsel Evan Anderson at below address:

SRIPLAW, P.A.
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326

### I. RELEVANT FACTUAL BACKGROUND

1.  On April 4, 2020, Movant was awarded a default judgment of $301,536.00 in statutory damages for copyright infringement and $3,892.39 in

attorney's fees and costs in the Civil Action 1:20-cv-04874-SCJ ("Civil Action") in this district and division. *See* Ex. "1".

2. On March 31, 2023, the Honorable Judge Jones ordered Debtor "…to fully respond to interrogatory numbers 5-9 within 10 days" during a conference on a post-judgment discovery dispute in the Civil Action. Ex. "2", p.1. Within three hours of the conference, Debtor filed a suggestion of bankruptcy. *See id.*, p.2. Judge Jones subsequently issued a stay order that same day. *See id.*, p.3.

3. On March 31, 2023, Debtor filed its voluntary petition for bankruptcy under Chapter 7. *See* Doc. #1.

4. Debtor lists total liabilities of $735,483. *See id.* at p.7. Debtor lists a liability of $405,483 – more than half of Debtor's liabilities – as owed to Movant. *See id.* at p.12

5. Official Form 207 of Debtor's petition states that its gross revenue was $450,000 in 2022, $1,355,780 in 2021 and $836,406 in 2020. *See* Doc. #1 at p. 16.

6. Movant wishes to request documents from Debtor in line with interrogatories nos. 5-9 already approved by Judge Jones and further about its business affairs for the previous 4 years as set forth in the attached proposed Request for Production of Documents. *See* Ex. "3".

25-008B

7. Movant met and conferred with counsel by email per BLR 2004-1 in a good faith attempt to obtain an agreement for a Rule 2004 examination without a court order but was unsuccessful. *See* Ex. "4".

## II. LEGAL STANDARD

8. Fed. R. Bankr. P. 2004(a) provides that "On motion by any party in interest, the court may order the examination of any party."

9. Fed. R. Bankr. P. 2004(b) provides that the scope of the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge".

## III. ARGUMENT

10. According to Debtor's petition, more than half of Debtor's liabilities are owed to Movant. Accordingly, Movant is a party in interest per Rule 2004(a).

11. Movant's proposed examination of Debtor will be within the scope of Rule 2004(b) in that it relates to the acts, conduct, or property or to the liabilities and financial condition of the debtor and to any matter which may affect the administration of the Debtor's estate.

25-008B

12.  A Rule 2004 examination is necessary to determine the nature of the Debtor, the Debtor's acts, conduct, property, liabilities and financial condition of the Debtor, facts directly affecting administration of Debtor's estate and whether Debtor's insurer may be obligated to cover the amount owed to Movant.

13.  Movant requests that the Court issue an Order requiring Debtor to produce at least five (5) business days prior to the Examination all documents identified in Exhibit "3".

14.  Movant requests that the Court order Debtor to appear at the Examination and to testify regarding the matters in the paragraphs above and regarding the documents identified in Exhibit "3".

**IV.     CONCLUSION**

15.  WHEREFORE, Movant respectfully requests that the Motion be granted and that the Court issue an Order compelling the attendance of Debtor pursuant to Rule 2004 and compelling the production of documents pursuant to applicable bankruptcy rules, standing orders, 11 U.S.C. 521(f).

DATED: Kailua Kona, Hawaii, Sept. 11, 2023.

/s/ *Evan A. Andersen*

25-008B

Evan A. Andersen
Georgia Bar No.  377422
SRIPLAW, P.A.
12 Powder Springs Street, Suite 200
Marietta, GA  30064
evan.andersen@sriplaw.com


Kerry S. Culpepper, Esq.
(Admitted Pro Hac Vice)
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047
Fax.: (202) 204-5181
Email: kculpepper@culpepperip.com
*Attorneys for Creditor Morgan Howarth*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served to the Creditor Matrix as follows:

| | | |
|---|---|---|
| Via First Class Mail<br>Jason Pettie<br>Taylor English Duma LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, GA 30339 | Via First Class Mail<br>Chris York<br>York Gaskill, LLC<br>1815 Satellite Blvd., Suite 404<br>Duluth, GA 30097 | Via First Class Mail<br>Caymus Funding Inc.<br>3550 George Busbee Pkwy. NW<br>Suite 225<br>Kennesaw, GA 30144 |
| Via First Class Mail<br>Emerald Group Funding<br>6920 Manasota Key Road<br>Englewood, FL 34223 | Via First Class Mail<br>U.S. Small Business Admin<br>14925 Kingsport Road<br>Fort Worth, TX 76155 | Via First Class Mail<br>Office of The United States Trustee<br>75 Ted Turner Drive, S.W., Room 362<br>Atlanta, GA 30303 |

DATED: Kailua-Kona, Hawaii, Sept. 9, 2023.

/s/ *Evan A. Andersen*
Evan A. Andersen
Georgia Bar No. 377422
SRIPLAW, P.A.
12 Powder Springs Street, Suite 200
Marietta, GA 30064
evan.andersen@sriplaw.com


Kerry S. Culpepper, Esq.
(Admitted Pro Hac Vice)
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047
Fax.: (202) 204-5181
Email: kculpepper@culpepperip.com
*Attorneys for Creditor Morgan Howarth*