# Exhibit "2"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MORGAN HOWARTH,

    Plaintiff,

v.

HERO BUILD SOLUTIONS, LLC,

    Defendant.

CIVIL ACTION FILE

No. 1:20-CV-04874-SCJ

## ORDER

This matter appears before the Court pursuant to a discovery dispute conference. Doc. No. [27].[1] On March 31, 2023, at 11:00 AM, the Court held a discovery dispute conference regarding Plaintiff's post-judgment discovery requests and Defendant's responses thereto. During the discovery dispute conference, the Court Ordered Defendant to fully respond to interrogatory numbers 5–9 within ten days. And sustained Defendant's objections to

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

interrogatory numbers 4, 12, 14, 15, and 17–19. The Court took interrogatory number 10 under advisement. The Court also ruled that the discovery requests did not apply to non-party Mr. Ramis.

Within three hours of concluding the discovery dispute conference, Defendant filed a suggestion of bankruptcy. Doc. No. [28]. The Court finds that on March 31, 2023, Defendant filed a Voluntary Petition for Chapter 7 Bankruptcy in the Northern District of Georgia. See In re Hero Build Solutions, LLC, 23-53036-jwe (N.D. Ga). Purusant to 11 U.S.C. § 362, these proceedings are subject to the automatic stay. Therefore, Defendant is not required to respond to Plaintiff's discovery request during the pendency of the automatic stay.

Upon review of the docket, it appears that defense counsel has not made an entry of appearance on the docket, despite having filed a certificate of service (Doc. No. [24]), responding to discovery requests, participating in the discovery dispute conference, and filing the Suggestion of Bankruptcy (Doc. No. [28]). Local Rule 83.1(D)(1) provides:

> Any [ ] attorney who signs a [ ] pleading or paper [other than the answer, complaint, or Fed. R. Civ. P. 12(b) pre-answer motion] on behalf of a party must file a Notice of Appearance.
> An attorney whose appearance has not been noticed will not be permitted to represent a party at trial or in any

2

other Court proceeding until the attorney has filed a Notice of Appearance. **Furthermore, failure to file a Notice of Appearance may result in the attorney not receiving notices, orders, or other important communications from the Court.**

L.R. NDGa 83.1(D)(emphasis added). Defense counsel is therefore ordered to file a Notice of Appearance on or before April 3, 2023.

## CONCLUSION

For the foregoing reasons, the Court **STAYS** all proceedings.

Additionally, Mr. York is **ORDERED** to file his Notice of Appearance **ON OR BEFORE APRIL 3, 2023.**

IT IS SO ORDERED this ___31st___ day of March, 2023.

*/s/ Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

3