# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: HERO BUILD SOLUTIONS, LLC<br><br>Debtor. | Case No. 23-53036-jwc |

## REPLY IN SUPPORT OF CREDITOR MORGAN HOWARTH'S MOTION FOR EXAMINATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2004

Creditor MORGAN HOWARTH ("Movant") established in his motion that there is good cause to have a Rule 2004 Examination. Debtor does not dispute that more than half of its listed debt is to Movant. Debtor does not dispute that it did not file for bankruptcy until Judge Jones ruled against it in post-judgment proceedings in the underlying case (1:20-CV-04874-SCJ). Debtor concedes that it has not turned over documents it gave to the Trustee to Movant's counsel. Debtor has also conceded that at least some of the information Movant is requesting in the proposed requests for documents is relevant and has stated that it would provide this information. Nonetheless, Debtor opposes the Rule 2004 Examination. Debtor failed to include the required certification of his duty to confer as required by BLR 2004-1(a) in his objection. For just this reason, Debtor's objection can be overruled.

25-008

But Debtor's inconsistent statements during the Rule 341 examination and his false statements in requests for examinations and interrogatories in the underlying case more than establish good cause. Besides Debtor's counsel's personal opinion that "it strikes [him] as a monumental waste of time and resources," Debtor has given no reason rebutting Movant's showing of good cause. The Court should grant the motion for the Rule 2004 Examination.

A.     **Debtor rejected all Movant's reasonable offers for accommodations.**

As shown in Exhibit "5", Movant offered reasonable accommodations for all concerns Debtor's counsel raised.  *See* Ex. "5" at pp.2-3.  When Debtor's counsel stated that it is customary to hold these examinations in the Debtor's counsel's office, Movant offered to do so.  But the offer was rejected by Debtor's counsel. When Debtor's counsel expressed concern that his assistant works remotely and lives more than 30 miles from his office, Movant offered to hold the examination in a location near Debtor's counsel's assistant.  But the offer was rejected by Debtor's counsel.  When Debtor's counsel accused Movant of only scheduling this Rule 2004 examination in person so that he could serve Mr. Ramis with summons for the other lawsuit, Movant offered to stipulate that Mr. Ramis cannot be served during the Rule 2004 examination.   But Movant's counsel rejected this offer and stated that Movant's counsel would just follow Mr. Ramis when he left.  Movant then offered

to stipulate that Mr. Ramis could not be served the entire day of the Rule 2004 examination. But Movant's counsel rejected this offer as well. No reasonable accommodation offered by Movant was good enough for Debtor's counsel. To ascertain what exactly the burden was for a Rule 30(b)(6) Georgia representative of a Georgia corporation to attend a Rule 2004 examination in Atlanta, Georgia, Movant's counsel asked who the 30(b)(6) representative would be and where she/he lived (to offer a further accommodation to hold the examination nearer to this person). Debtor's counsel refused and accused Movant's counsel of attempting to obtain information on Mr. Ramis to serve him. *See* Ex. "5" at pp. 2-3. But an individual's desire to evade service of process in a valid legal action is not a basis for allowing a remote examination.

**B.    Movant's designated place for the accommodation accommodates Debtor's counsel's new reason.**

For the first time Debtor's counsel raises the issue of his wife's medical condition in his objection. But Debtor's counsel did not raise this issue during the meet and confer. Nonetheless, Movant takes Debtor's counsel's concern seriously. Movant's counsel has confirmed that the conference room in which he plans to hold the Rule 2004 Examination can provide more than 6 feet distance between them as encouraged by CDC guidelines. *See* https://www.cdc.gov/coronavirus/2019-ncov/hcp/non-us-settings/overview/index.html [last accessed on 9/22/2023]

3

("…CDC recommends maintaining a physical distance of at least 1.8 meters (6ft) between persons…"). Movant's counsel is also willing to wear a facemask and allow Debtor and his counsel to wear a facemask during the examination. Movant's counsel has also confirmed that the windows in the conference room can be opened (depending on the temperature). Finally, Movant's counsel is also willing to reschedule to allow Debtor to obtain new counsel if necessary. In the event an adversary action is filed, Debtor's counsel will inevitably have to be in a confined environment with other people.

C. **Movant requests in-person examination based upon the dubious nature of Debtor's bankruptcy and Mr. Ramis's inconsistent statements in the 341 examination.**

Movant strongly believes an in-person Rule 2004 examination is necessary because: (i) Debtor's bankruptcy and his financial dealings to be highly suspicious notwithstanding the Trustee's conclusion; and (ii) the number of documents that will be discussed during the examination make a remote examination unworkable. During the Rule 341 meeting, when the Trustee questioned Mr. Ramis about a different name on corporate documents, Mr. Ramis testified that the other person (Saeid Beyrami) was him, and that he had legally changed his name. Mr. Ramis avoided revealing this fact to Movant's during the underlying post judgment litigation when asked about the relationship between Saeid Beyrami and him.

4

Mr. Ramis also stated during the meeting that the business (Debtor) was owned 50 percent by him and 50 percent by another partner. The Trustee pointed out that one of the Schedule K tax returns showed Mr. Ramis as 100 percent owner. In response, Mr. Ramis stated, "Um…actually I had partner at the time, but…um…we were in agreement…it wasn't in registration….so we were 50/50. I'm not sure why I contented 100 percent." Audio of 341 Meeting of creditors, 4:00-4:32. Mr. Ramis also stated that Debtor paid some "subcontractors as much as he could". Id at. 9:30-9:35. But later when probed by Movant's counsel, Mr. Ramis changed his story and said the subcontractors were paid off completely. Id. at 13:53-14:00. Mr. Ramis also stated that the business stopped operating in 2022 and that Hero Builders and Development Group, LLC never operated. Id. at 17:35-17:46. After initially trying to evade the question, Mr. Ramis admitted that he is a member of Hero Builders and Development Group, LLC. Id. Debtor argued in its Objection that "… [Movant] had been told in five separate Requests to Admit (No.'s 5-9, and 17) and one interrogatory in the underlying case (1:20-CV-04874-SCJ) that there is no relationship between the two entities, no common officers, no parent relationship…no common accounting, headquarters etc., and that it is NOT an alter ego of Debtor". Objection at pp. 5-6. The audio of the recording of the meeting

5

shows that Mr. Ramis was untruthful in the interrogatories and requests for admissions. And Debtor's counsel repeated this false statement in the objection.

Moreover, the website https://www.herohomessolutions.com which Debtor previously used is still accessible and promoting the business. This website was not listed in question 5 as Debtor's website and does not appear to be included as an asset in Debtor's petition. But the publicly available WHOIS records show that the registrant for this domain "Contact Privacy Inc. Customer 1245957978" on 11/27/2019 changed to "Contact Privacy Inc. Customer 7151571251" on 8/27/2022 and has remained the same since.

In view of Movant's suspicions based upon Debtor's inconsistent statements, transfer of funds, and assets, Movant prepared requests for production of documents that are narrowly tailored to the central issue of whether Debtor made transfers that are voidable under Title 18, Chapter 2 and Article 4 of the Georgia Code. *See, e.g.,* GA Code § 18-2-74 (2022). Debtor objects to the scope of the requests with boilerplate objections except for the issue of the 2022 tax returns. But Debtor has not argued any burden from providing the 2019-2021 tax returns. Nor has it argued any privacy interest. The 2019-2021 tax returns are relevant and proportional to the needs of the case. Pursuant to GA Code § 18-2-79, the deadline for commencing an

6

action to set aside fraudulent" transfers is "within four years after the transfer was made…"

**D.     Debtor's request for fees should be rejected.**

Debtor has provided absolutely zero legal support for its request for its fees for attending the examination. Everything that is happening is a result of Debtor and Debtor's counsel obstructive behavior. The Court should not reward them for it.

**E.     Conclusion.**

Debtor has failed to provide any legal support for its request that Movant pay Debtor's costs and expenses for attending the Rule 2004 examination and responding to the requests.

WHEREFORE, Movant respectfully requests that the Motion be granted and that the Court issue an Order compelling the attendance of Debtor pursuant to Rule 2004 and compelling the production of documents pursuant to applicable bankruptcy rules, standing orders, 11 U.S.C. 521(f).

DATED: Sept. 22, 2023                    Respectfully submitted,

/s/ *Evan A. Andersen*
EVAN A. ANDERSEN
Georgia Bar No.  377422

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750

Atlanta, GA  30326
470.598.0800 – Telephone
561.404.4353 – Facsimile
evan.andersen@sriplaw.com

Kerry S. Culpepper, Esq.
(Admitted Pro Hac Vice)
**CULPEPPER IP, LLLC**
75-170 Hualalai Road
Suite B204
Kailua-Kona, Hawai'i 96740
808.464.4047 – Telephone
202.204.5181 – Facsimile
kculpepper@culpepperip.com

*Attorneys for Creditor Morgan Howarth*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served to the Creditor Matrix as follows:

| | | |
|---|---|---|
| Via First Class Mail<br>Jason Pettie<br>Taylor English Duma LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, GA 30339 | Via First Class Mail<br>Chris York<br>York Gaskill, LLC<br>1815 Satellite Blvd., Suite 404<br>Duluth, GA 30097 | Via First Class Mail<br>Caymus Funding Inc.<br>3550 George Busbee Pkwy. NW<br>Suite 225<br>Kennesaw, GA 30144 |
| Via First Class Mail<br>Emerald Group Funding<br>6920 Manasota Key Road<br>Englewood, FL 34223 | Via First Class Mail<br>U.S. Small Business Admin<br>14925 Kingsport Road<br>Fort Worth, TX 76155 | Via First Class Mail<br>Office of The United States Trustee<br>75 Ted Turner Drive, S.W., Room 362<br>Atlanta, GA 30303 |

DATED: Kailua-Kona, Hawaii, Sept. 22, 2023.

/s/ *Evan A. Andersen*
Evan A. Andersen
Georgia Bar No. 377422
SRIPLAW, P.A.
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
Evan.andersen@sriplaw.com

Kerry S. Culpepper, Esq.
(Admitted Pro Hac Vice)
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047
Fax.: (202) 204-5181
kculpepper@culpepperip.com

*Attorneys for Creditor Morgan Howarth*