**IT IS ORDERED as set forth below:**

**Date: October 10, 2023**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HERO BUILD SOLUTIONS, LLC, | ) | Case No. 23-53036-jwc |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER GRANTING IN PART MOTION FOR RULE 2004 EXAMINATION OF DEBTOR

This matter came before the Court for a hearing on October 5, 2023, on the Motion for Rule 2004 Examination of the Debtor (the "Motion") [Doc. 10] filed by Morgan Howarth ("Movant"), in the above-styled case. The Court reviewed the Motion, the Debtor's objection thereto [Doc. 11] and Movant's reply filed in further support of the Motion [Doc. 15]. After fully considering the parties' papers and the arguments of counsel made at the hearing, the Motion will be GRANTED IN PART

1

and DENIED IN PART as follows:

(1) The Motion is **GRANTED IN PART** to permit, pursuant to Fed. R. Bankr. P. 2004(b), the virtual examination of the Debtor at a mutually agreed time on or before November 15, 2023.

(2) The virtual examination of the Debtor authorized by this Order shall be conducted within the following parameters:

   a. Scope: The virtual examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate" as provided by Fed. R. Bankr. P. 2004(b).

   b. While the Debtor is sworn and testifying: (i) no person may be present in the room from which the Debtor is testifying, (ii) the Debtor may not have in the room any documents except the documents produced pursuant to this Order or such other documents as counsel for Movant may provide for purposes of the examination, and (iii) the Debtor may not communicate with any other person, by electronic means or otherwise, during the course of the examination. To the extent the Debtor needs to consult with counsel during the course of the examination, a break from the examination shall be allowed for such purposes.

(3) The Debtor shall produce the following documents to the Movant no later than five (5) business days before the scheduled examination:

a. Copies of any insurance policies that may provide coverage for any claims asserted in the matter styled *Morgan Howarth v. Hero Building Solutions, LLC*, Case No. 1:20-cv-04874-SCJ maintained by Debtor for the period commencing January 1, 2020, to the present.

b. All federal and state income tax returns filed by the Debtor for the periods January 1, 2020, to the present date, including all related schedules and attachments filed in connection with the same.

c. Any and all statements from any bank accounts of which the Debtor held any interest from January 1, 2020, to the present date.

d. A list of all real property owned by the Debtor from January 1, 2020, to the present date.

e. The Debtor's articles of organization and operating agreements from January 1, 2020, to the present date.

f. Profit and loss statements for Debtor from January 1, 2020, to the present date, if any.

g. The Debtor's balance sheets from January 1, 2020, to the present date, if any.

h. Documents sufficient to show the dates and amounts of all transfers of funds or property from Debtor to Sam Ramis from January 1, 2020, to the present date.

i. Documents sufficient to show the dates and amounts of all transfers

3

   of funds or property from Debtor to Martin Jackson from January 1, 2020, to the present date.

 j. Documents sufficient to show the dates and amounts of all transfers of funds or property from Debtor to a family member of Sam Ramis from January 1, 2020, to the present date.

 k. Documents sufficient to show the dates and amounts of all transfers of funds or property from Debtor to a family member of Martin Jackson from January 1, 2020, to the present date.

 l. All documents submitted to the Chapter 7 trustee or the United States Trustee in this bankruptcy case.

 m. Documents sufficient to show common employees, contractors, and subcontractors of Debtor and Hero Builders and Development Group LLC.

 n. Documents sufficient to show common customers of Debtor and Hero Builders and Development Group LLC.

 o. Documents sufficient to show common officers of Debtor and Hero Builders and Development Group LLC.

**(4)** With respect to all other requests for production of documents listed in the Motion and not set forth above, the Court finds such requests to be vague, overly broad, unduly burdensome and/or outside the scope of Rule 2004(b), and such requests are hereby **DENIED**.

**(5)** To the extent any dispute arises as to the relief provided in this order before or during the course of the examination, the parties may jointly contact the Court for resolution of any dispute.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Hero Build Solutions, LLC
3225 Shallowford Road
Suite B1000
Marietta, GA 30062

Chris J. York
York Gaskill, LLC
1815 Satellite Boulevard
Suite 404
Duluth, GA 30097

Jason L. Pettie
Taylor English Duma
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

Evan A. Andersen
SRIPLAW, P.A.
12 Powder Springs Street, Suite 200
Marietta, GA 30064

Caymus Funding Inc.
3550 George Busbee Pkwy. NW
Suite 225
Kennesaw, GA 30144

Emerald Group Funding
6920 Manasota Key Road
Englewood, FL 34223

U.S. Small Business Admin
14925 Kingsport Road
Fort Worth, TX 76155

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, HA 96740

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303